HIRAM C. WILSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18634. Promulgated October 16, 1929.

*Camden R. McAtee, Esq.*, for the petitioner.
*LeRoy L. Hight, Esq.*, for the respondent.

OPINION.

MURDOCK: The petitioner contends that the respondent erred in disallowing a deduction of $2,752.95 claimed in his 1921 return as ordinary and necessary expenses of drilling oil wells. About ninety-six of the petitioner's checks, all dated 1921, were admitted in evidence in connection with the petitioner's testimony taken on depositions. A number of these checks are made to cash and a number are made to various individuals. The petitioner did not testify in detail in regard to each check, but simply testified in general terms that either the checks or the money which he had received on the checks was spent for hotel bills, meals, oil and gasoline and other "necessary expenses." We do not know how much he spent

for hotel bills, nor how much for meals nor how much he spent for any other purpose, and, of course, when he says that he spent the money for other necessary business he is simply giving his own conclusion on the very question which we are asked to determine, namely, whether the expenditures were for ordinary and necessary expenses in carrying on a business and, therefore, a proper deduction. *F. M. Hatch* v. *United States*, 34 Fed. (2d) 426. Since the Commissioner has determined that he is not entitled to the deduction, it was incumbent upon him to give us the details of how he actually spent the money, so that we might judge whether or not he is entitled to the deduction. This he failed to do. However, there is another reason why we can not allow the deduction in question. It appears from the petitioner's testimony that he was in partnership with another during the year and that some, if not all, of these expenditures were in connection with the partnership business. A partnership return of income was made for the year. Ordinary and necessary expenses of a partnership business are properly deducted on the partnership return, and the partner then returns as an individual his distributive share of the net income of the partnership after making such deductions. He can not take ordinary and necessary expenses of the partnership as a deduction on his individual return. In the present case some, if not all, of the expenditures seem to have been made on behalf of the partnership, and, if they were ordinary and necessary expenses paid or incurred in the operation of any trade or business, it was the partnership business and not an individual business; therefore, the petitioner has not shown that he is entitled to the deduction of any expenditures on this account on his individual return.

The petitioner further contends that the respondent erred in including an amount of $32,900 in his income of the year 1921 instead of in that of the year 1922. He used a cash receipts and disbursements method of reporting his income and actually received $32,000 of this amount in 1922. There is no evidence as to when the difference of $900 was received and the determination of the respondent, as to that amount, must be upheld.

Section 201(e) of the Revenue Act of 1921 provides:

For the purposes of this Act, a taxable distribution made by a corporation to its shareholders or members shall be included in the gross income of the distributees as of the date when the cash or other property is unqualifiedly made subject to their demands.

The evidence discloses that in 1921, and after February 16 of that year, the board of directors of the Hiram Oil & Gas Co. passed a resolution declaring a 10 per cent dividend on all stock on record May 1, 1921. The evidence does not disclose whether or not a date

was ever set by the corporation for the payment of this dividend. We simply know that the petitioner received his share of it in 1922 after McCauley paid off his note. We do not know that the petitioner had to wait until that time to receive his dividend. There was some testimony which rather indicated that some stockholders were to receive their dividends earlier than the petitioner and Mc-Cauley were to receive theirs, but it was too vague to form the basis for a finding of fact. We have not been told enough about the financial condition of the corporation in 1921 or about the dividend in question to know whether or not in 1921 cash or other property was unqualifiedly made subject to the petitioner's demand. The petitioner stated that he did not, as president, demand payment of Mc-Cauley's note because he wanted to help McCauley. We are not unmindful of the fact that the petitioner was the president of the corporation and that he owned at least two-thirds of its stock. He therefore was in a position to delay paying the dividend after the cash or other property was unqualifiedly made subject to his demand by the corporation. The present case is clearly distinguishable from *Robert W. Bingham*, 8 B. T. A. 603, cited by the petitioner. From a consideration of all the evidence, we conclude that the petitioner has not shown that the cash or other property was not unqualifiedly made subject to his demand in the year 1921.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

GREEN and ARUNDELL dissent on the second point.