ROBERT J. WALLENDAL AND MARION G. WALLENDAL, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 62182. Filed March 31, 1959.

*W. A. Wagner, Esq.*, for the petitioners.
*Thomas J. Donnelly, Jr., Esq.*, for the respondent.

PIERCE, *Judge:* Respondent determined a deficiency of $206.32 in petitioners' income tax for the calendar year 1953.

The issues presented are:

(1) Whether the amount of $499.06 paid by the principal petitioner as interest on the unpaid balance of the contract price for his purchase of a share in a business partnership, is an expense attributable to a "trade or business carried on by the taxpayer" within the meaning of section 22(n)(1) of the Internal Revenue Code of 1939, so as to be deductible from his gross income in computing adjusted gross income.

(2) Whether the following other amounts are deductible by the principal petitioner: (a) The amount of $465 claimed to have been expended by him in buying drinks and food for alleged potential customers of a partnership of which he was a member; and (b) the amount of $14.40, paid by him as the subscription price of a daily newspaper delivered to his home, which he claimed was useful in his activities on behalf of the partnership.

### FINDINGS OF FACT.

Some of the facts were stipulated. The stipulation of facts, together with the exhibits identified therein and attached thereto, is incorporated herein by reference.

Petitioners Robert J. Wallendal and Marion G. Wallendal are husband and wife, residing at Waupun, Wisconsin. They filed a joint income tax return for the calendar year 1953 with the director of internal revenue for the district of Wisconsin. The wife is a party to this case solely by reason of her having joined in the filing of said joint return.

On June 27, 1952, Robert and an individual named M. L. Lewis, Jr., entered into an agreement with Wilbert Jeffords and Ray Jeffords, for purchase of the latters' undivided one-half interest in a partnership which carried on a laundry and dry cleaning business under the name of Waupun Launderers and Cleaners. The agreement provided, in substance and so far as here material, that the purchase price was $21,062.50; that there was to be a downpayment of $2,000; and that the balance would be paid in semiannual installments of $2,000 each, together with interest on the unpaid balance at 5 per cent per annum, payable semiannually. The purchase became effective on July 7, 1952; and during the taxable year involved, Robert paid interest on the unpaid balance of said purchase price, in the sum of $499.06.

Following said purchase, the business continued to be operated as a partnership; and the names of the partners and the percentages of their respective interests, were as follows:

| Partner | Interest (Per cent) |
| --- | --- |
| Charles Goebel | 50 |
| Robert J. Wallendal (petitioner herein) | 25 |
| M. L. Lewis, Jr. | 25 |

These interests remained the same throughout the taxable year involved.

Robert's principal activity in the partnership business during the taxable year, was that of supervising the picking up of laundry and soiled clothing from customers, and of delivering the cleaned articles. He personally operated one truck and supervised the drivers of four others. Goebel and Lewis, on the other hand, had charge of the dry cleaning plant and the laundry.

Robert, in carrying on his partnership activities, called at various taverns, restaurants, and bowling alleys in the area in and around Waupun, for the purpose of picking up towels and other laundry. Frequently when he entered a tavern for such purpose, one of the patrons therein would make some such statement as: "Well, when is the laundry going to buy?"—and thereupon, he would buy drinks for persons present. On other occasions when calling at a restaurant, he would buy someone a lunch or coffee. He was unable to identify more than one of the persons whom he had so "treated" during the taxable year; but he regarded all such persons to be either customers or potential customers of the partnership's laundry business. He kept no record of the amounts which he so expended; but he estimated that such amounts would average about $1.50 per day, or the total of $465 for the taxable year involved. There was no agreement between him and his partners that he should personally bear such expense; and he made no demand that the partnership reimburse him for the same.

The partnership did, however, reimburse him for most of his other miscellaneous expenses of carrying on his partnership activities.

During the taxable year, Robert paid $14.40 as the subscription price of a local daily newspaper which was delivered to his home. He had subscribed to this paper for a considerable time prior to his becoming a member of the laundry partnership. From this newspaper he obtained the daily weather reports, and he also observed the "specials" being offered by competitor laundries. He had no agreement with his partners that he should personally bear the cost of this newspaper; he made no demand to be reimbursed by the partnership for the same; and he was not reimbursed.

The petitioners, in filing their joint return for the taxable year, claimed the standard deduction in lieu of itemized deductions. However, they also claimed all the above-mentioned expenses, as deductions from gross income in arriving at the adjusted gross income to which said standard deduction was applied, on the ground that these expenses were attributable to a trade or business carried on by Robert. The respondent, in his notice of deficiency, did not allow any of said particular deductions, but did allow an increased standard deduction.

### OPINION.

1. The first issue is whether the principal petitioner may deduct from his gross income in computing "adjusted gross income," the amount of $499.06 which he paid as interest on the unpaid balance of the purchase price for a share in a partnership business.

The term, "adjusted gross income," is defined in section 22(n) to be, so far as here material, "gross income minus * * * the deductions allowed by section 23 which are attributable to a trade or business carried on by the taxpayer." The interest expense here involved, however, was not incurred either by Robert in "carrying on" any trade or business of his own, or by the laundry partnership in carrying on its business. Rather, the amount involved represented interest paid on a personal obligation which Robert created in *acquiring* a capital investment in a going business, which he then contributed to the new partnership. Such obligation is similar to a personal obligation which a taxpayer might incur in acquiring shares of stock in a corporation formed to carry on a particular business. Also, it is comparable to expenses which a taxpayer might incur in *preparing to enter into* a business, which we have heretofore held will not qualify as expenses incurred in *carrying on* a business. *Frank B. Polachek*, 22 T.C. 858, 863; *Morton Frank*, 20 T.C. 511. Cf. *Henry G. Owen*, 23 T.C. 377, 381.

We decide this issue in favor of the respondent.

2. The second issue is whether the principal petitioner is entitled to deduct, as expenses attributable to his carrying on a trade or busi-

ness: (a) The amount of $465 which he claimed to have expended in buying drinks and food for patrons of taverns and restaurants which he visited in picking up laundry, and whom he regarded to be potential customers of the laundry partnership; and (b) the amount of $14.40 which he paid as the subscription price of a daily newspaper delivered to his home, that he claims was useful in carrying on his partnership activities.

Even assuming that the above-mentioned expenses qualify as business expenses, they would constitute expenses of the partnership, and not those of Robert individually. The general rule is well settled, that business expenses of a partnership are not deductible by particular partners on their individual returns, except where there is an agreement among the partners that such expenses shall be borne by particular partners out of their own funds. *Frederick S. Klein*, 25 T.C. 1045, appeal to C.A. 3 dismissed; *Western Construction Co.*, 14 T. C. 453, affd. 191 F. 2d 401; *Hiram C. Wilson*, 17 B.T.A. 976. Here, however, it is conceded that there was no agreement among the partners that Robert should bear any of the above-mentioned expenses, individually. Accordingly, he is not entitled to deduct the same as business expenses on his individual return.

Moreover, as regards the amounts claimed to have been spent by Robert in "treating" patrons of taverns and restaurants, whom he regarded to be potential customers of the laundry partnership, the petitioners have not established that such expenditures were sufficiently related to the partnership business to qualify as true business expenses, even of the firm; and there is no proof, aside from a wholly unsupported estimate of Robert, as to the amounts actually expended.

And finally as regards the subscription price of the newspaper, we do not think that petitioners have carried their burden of overcoming the determination of the respondent that this item was a personal expense of Robert's. He had subscribed to the newspaper long before he had become a member of the partnership; and although the paper may have been useful in connection with his partnership activities, it has not been shown to have been used solely or even principally for business purposes.

We decide this issue also for the respondent.

*Decision will be entered for the respondent.*