Edward A. and Frances Bernstein v. Commissioner.
Bernstein v. Commissioner
Docket No. 77133.
United States Tax Court
T.C. Memo 1961-160; 1961 Tax Ct. Memo LEXIS 192; 20 T.C.M. (CCH) 804; T.C.M. (RIA) 61160; May 31, 1961
George Singer, Esq., for the petitioners. Edward H. Hance, Esq., for the respondent. TRAIN
Memorandum Findings of Fact and Opinion TRAIN, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1955 in the amount of $619.52. The issues for determination are: (1) Whether petitioners are entitled to a deduction of $1,575 as an expense incurred in a trade or business; (2) Whether *194 petitioners are entitled to a charitable contribution in the amount of $450; (3) Whether petitioners are entitled to a deduction of $796.62 for taxes paid the state of New York; (4) Whether petitioners are entitled to a deduction for medical expenses; (5) Whether petitioners are entitled to exclude $200 from income as sick pay; and (6) Whether the credits for foreign tax credits and dividend received credits were correctly reported. Findings of Fact The petitioners, Edward A. Bernstein (hereinafter referred to as Bernstein) and Frances Bernstein, are husband and wife. For the taxable year 1955, petitioners filed a joint return with the district director of internal revenue for the third district of New York. Petitioners used the cash receipts and disbursements methods in reporting their income. In 1955, Bernstein was a resident buyer or buying agent for the International Buying Company, a corporation which he and his brother owned. The corporation was engaged in the business of finding sources of supply for foreign corporations. During the year 1955, business began to decline because of the foreign situation. In the latter part of 1954, Bernstein's brother withdrew from *195 the business and went to Florida to live with his daughter. Originally, the brother left his money in the business but in 1955 he decided to withdraw it. After this, and with business declining, Bernstein began to look for other ventures to go into. On his Federal income tax return for 1955, Bernstein deducted $1,575 for expenses which he claimed were incurred in a trade or business. Sometime in 1955, Bernstein and a man named Esman formed a new corporation, Edward A. Bernstein and Company, Inc. The new corporation was in the same or similar line of business as International Buying Company had been in. Bernstein was a patient in Royal Hospital, New York, from December 16, 1955, to December 21, 1955. In the year 1955, petitioners contributed $450 to various charities. In the year 1955, Bernstein and other members of his family had a multiple support arrangement for the care of his mother who was a patient in Pelham Parkway Nursing Home. In 1955, approximately $3,000 was paid to the Pelham Parkway Nursing Home for the care of Bernstein's mother. Of this amount, only $695 was actually paid by Bernstein in the taxable year 1955, which has previously been allowed as a medical deduction *196 on petitioners' income tax return for 1955. The remainder of the medical expense was paid by Bernstein's sisters. Opinion Issue 1 Bernstein testified that he spent $1,575 in seeking out new business ventures. It is his contention that this amount is deductible as an ordinary and necessary expense incurred in a trade or business. [1]
We cannot agree with this contention. The only businesses that Bernstein was connected with were the International Buying Company and Edward A. Bernstein and Company, Inc. He testified that he was a resident buyer or buying agent. He also testified that the expenses had nothing to do with the aforementioned businesses. A trade or business is the branch of activities in which one expends his usual everyday efforts to gain a livelihood. Bernstein's usual everyday activity was that of a buyer. There is no evidence that he was in the business of organizing, promoting, investing in, managing, and financing business enterprises. *197 Cf. Vincent C. Campell, 11 T.C. 510 (1948); Henry E. Sage, 15 T.C. 299 (1950); and Giblin v. Commissioner, 227 F. 2d 692 (C.A. 5, 1955). We hold the expenses in question were not incurred in a trade or business. Expense of seeking a new business is not an ordinary and necessary expense. See McDonald v. Commissioner, 323 U.S. 57 (1944); Robert J. Wallendal, 31 T.C. 1249 (1959); Joseph T. Booth, III, 35 T.C. 1144 (March 31, 1961); Frank B. Polachek, 22 T.C. 858 (1954); and John F. Koons, 35 T.C. 1092 (March 31, 1961). Issue 2 On their income tax return petitioners deducted $450 as a charitable contribution. Respondent disallowed $150 of this amount for lack of substantiation. Petitioners produced sufficient evidence at the trial to entitle them to the full deduction claimed. Issue 3 On their income tax return petitioners deducted $716.62 for state income taxes and $80 for state sales taxes. The respondent disallowed $318.28. The respondent's determination is sustained because the petitioners have failed to adduce any evidence to show that they are entitled to the additional *198 taxes claimed. Issue 4 On their income tax return, petitioners claimed a deduction of $1,828.27 for medical expenses. Petitioners now contend that they are entitled to an additional deduction of $2,780 for medical expenses incurred on behalf of Bernstein's mother. We are unable to agree with petitioners' contention. Section 213(a) of the 1954 Code provides that there shall be allowed as a deduction expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse or a dependent. For medical expenses to be deductible, the taxpayer must pay them during the taxable year. We hold that petitioners have failed to prove that they paid the $2,780, sought to be deducted, during the taxable year 1955. Accordingly, petitioners are not entitled to a deduction under section 213 of the 1954 Code. Issue 5 Bernstein contends in his petition that he is entitled to exclude $200 from gross income as sick pay. The facts show that Bernstein was in Royal Hospital from December 16, 1955, to December 21, 1955. Section 105(d) [2] of the 1954 Code provides for the exclusion of amounts paid in lieu of wages in which an employee is absent *199 from work due to personal injuries or sickness. The maximum amount excludable is limited to $100 per week. Section 105(d) is applicable only if wages or payments in lieu of wages are paid pursuant to a wage continuation plan. Cf. section 1.105-(a)4(2)(i), Income Tax Regulations, 1954 Code. Since there is no evidence that any wages were paid under a wage continuation plan, we hold that petitioners are not entitled to a sick pay exclusion under section 105(d). Neither is there any evidence to show they are entitled to any exclusion under the provisions of section 104(a) [3] or sections 105(b) [4] or (c) [5]. *200 Issue 6 In their petition, petitioners allege that they paid Canadian income taxes of $22.52 for which credit should have been allowed. From the face of the income tax return, as well as from the notice of deficiency, it appears that this credit was allowed. In computing their dividend received credit, petitioner erroneously included dividends from the Canadian Pacific Railway Company. Petitioners are not entitled to the four percent dividend credit allowed by section 34(a) of the 1954 Code because the Canadian Pacific Railway Company is not a domestic corporation. This adjustment will be given effect under the Rule 50 computation. Decision will be entered under Rule 50. Footnotes
1. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *↩
2. SEC. 105. AMOUNTS RECEIVED UNDER ACCIDENT AND HEALTH PLANS. * * *
(d) Wage Continuation Plans. - Gross income does not include amounts referred to in subsection (a) if such amounts constitute wages or payments in lieu of wages for a period during which the employee is absent from work on account of personal injuries or sickness; but this subsection shall not apply to the extent that such amounts exceed a weekly rate of $100. In the case of a period during which the employee is absent from work on account of sickness, the preceding sentence shall not apply to amounts attributable to the first 7 calendar days in such period unless the employee is hospitalized on account of sickness for at least one day during such period. If such amounts are not paid on the basis of a weekly pay period, the Secretary or his delegate shall by regulations prescribe the method of determining the weekly rate at which such amounts are paid. ↩
3. SEC. 104. COMPENSATION FOR INJURIES OR SICKNESS. (a) In General. - Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include - (1) amounts received under workmen's compensation acts as compensation for personal injuries or sickness; (2) the amount of any damages received (whether by suit or agreement) on account of personal injuries or sickness; (3) amounts received through accident or health insurance for personal injuries or sickness (other than amounts received by an employee, to the extent such amounts (A) are attributable to contributions by the employer which were not includible in the gross income of the employee, or (B) are paid by the employer); and (4) amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country or in the Coast and Geodetic Survey or the Public Health Service. ↩
4. SEC. 105. AMOUNTS RECEIVED UNDER ACCIDENT AND HEALTH PLANS. * * *
(b) Amounts Expended for Medical Care. - Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include amounts referred to in subsection (a) if such amounts are paid, directly or indirectly, to the taxpayer to reimburse the taxpayer for expenses incurred by him for the medical care (as defined in section 213(e)) of the taxpayer, his spouse, and his dependents (as defined in section 152). ↩
5. (c) Payments Unrelated to Absence From Work. - Gross income does not include amounts referred to in subsection (a) to the extent such amounts - (1) constitute payment for the permanent loss or loss of use of a member or function of the body, or the permanent disfigurement, of the taxpayer, his spouse, or a dependent (as defined in section 152), and (2) are computed with reference to the nature of the injury without regard to the period the employee is absent from work.↩