Eugene Joseph and Enid Thelma Joseph v. Commissioner.
Joseph v. Commissioner
Docket No. 4847-65.
United States Tax Court
T.C. Memo 1970-347; 1970 Tax Ct. Memo LEXIS 13; 29 T.C.M. (CCH) 1680; T.C.M. (RIA) 70347; December 23, 1970, Filed *13 1. Held, petitioners failed to carry their burden of proving that they were entitled to certain business deductions claimed with respect to the Liberty Station Wagon Service in 1960 in excess of the amounts allowed by the respondent. 2. Held, respondent reasonably estimated the amount of cash expenditures made by the petitioners in 1960, and, after deducting therefrom all cash available to petitioners from known sources, correctly determined that the $2,375.65 remainder of the cash spent by petitioners in 1960 represented unreported income in that year. 3. Respondent disallowed certain deductions claimed by petitioner Eugene for 1961 in connection with his business as a "tax accountant." Held, petitioner proved that he was entitled to deduct $920 for wages and $122 for gas and oil; however, with regard to the remainder of the deductions in issue, he failed to prove the deductibility of any amounts in excess of respondent's allowance. 4. Held, petitioner Eugene is not entitled to deduct a claimed partnership loss in 1961 because he did not substantiate by adequate proof that he actually sustained the loss. 5. and 6. Held, petitioners failed to prove that respondent's imposition *14 of the negligence penalty in 1960 and 1961, and the penalty for late filing in 1961, were improper; therefore, respondent's determinations are sustained. 7. Held, respondent was not barred by the statute of limitations from assessing the tax liabilities in each of the taxable years in issue herein. 8. Respondent disallowed the exemption claimed by Eugene for his wife in 1961, but petitioner did not specifically contest this disallowance until he filed his brief. Held, since the issue was not raised by assignment of error in the petition, it was not properly before the Court for consideration. Eugene Joseph, pro se, P. O. Box 496, New York, N. Y. Stanley J. Goldberg, for the respondent. 1681 HOYT
*15 Memorandum Findings of Fact and Opinion HOYT, Judge: Respondent has determined a deficiency in petitioners' income tax for 1960 in the amount of $858.04, and in petitioner Eugene Joseph's income tax for 1961 in the amount of $1,243.22. Respondent also has determined a negligence penalty for each year under section 6653(a) [1] in the amount of $42.90 and $68.82, respectively, and a penalty for late filing for 1961 under section 6651(a) in the amount of $310.81. Some of the issues have been conceded, and the issues remaining for decision are as follows: (1) Whether petitioners are entitled to certain business deductions claimed with respect to the Liberty Station Wagon Service in 1960. (2) Whether petitioners failed to report $2,375.65 of income in 1960. *16 (3) Whether Eugene is entitled to certain deductions in 1961 claimed in connection with his business as a "tax accountant." (4) Whether Eugene is entitled to deduct a claimed partnership loss in 1961. (5) and (6) Whether respondent properly imposed the negligence penalty in 1960 and 1961, and the penalty for late filing in 1961. (7) Whether respondent was barred by the statute of limitations from assessing the tax liabilities in issue herein. On brief petitioner Eugene Joseph raised an issue with respect to an exemption which he had claimed for his wife in 1961. This issue was not raised by assignment of error in the petition, and is not therefore properly before the Court for consideration. Findings of Fact Eugene and Enid Thelma Joseph are husband and wife, who resided in New York, New York, at the time the petition was filed in this case. They filed a joint return for the taxable year 1960 on August 23, 1961. The return filed for 1961 (which was not filed until December 6, 1962) was solely in the name of and signed only by Eugene but was marked "Married filing joint return." A marginal notation on the 1961 return stated that Eugene's wife, Thelma, had received no income *17 during the taxable year and was not filing a return. Both the 1960 and 1961 returns were filed with the district director of internal revenue, New York, New York. During 1960 Eugene operated three businesses - Businessmen's Tax Instruction, Businessmen's Tax Service, and Liberty Station Wagon Service. At trial Eugene conceded that respondent properly disallowed $292 of the $1,648 which Eugene had claimed as a deduction for the tax instruction business, and $510.92 of the $2,343.30 which he had deducted in connection with his tax service. Eugene started the Liberty Station Wagon Service (hereinafter referred to as "Liberty") in May, 1960, at which time he purchased a 1960 Chevrolet station wagon for $2,700. During 1960 Liberty was a light hauling and taxi service, and this station wagon was the only automobile which was used in the business. The taxi services included transporting passengers from the New York City area to various mountain and beach resorts. Eugene drove the station wagon himself for these purposes; however, sometimes other "independent" drivers would drive. In the latter situations, Eugene merely procured the passengers for the "independent" drivers and took a percentage *18 of the fares received. Eugene did not pay any salaries or wages during 1960 in connection with Liberty. On his income tax return for 1960 Eugene claimed that his total receipts from Liberty were $1,385.40, and that he was entitled to deductions with respect to that business in the amount of $2,333.10. The amounts claimed on the return as deductions for Liberty by Eugene, together with the amounts allowed and disallowed by the respondent, are set forth below: Claimed
Allowed
Disallowed
Rent
$250.00
$250.00
Interest
95.00
95.00
Licenses
20.00
$ 30.75
* ( 10.75)
Auto Damage, Parcels Lost in Transit
75.00
75.00
Depreciation
225.00
200.00
25.00
Repairs
80.00
8.00
72.00
"Other Business Expenses"
Advertising
240.00
264.63
( 24.63)
Printing
90.00
87.31
2.69
Telephone
139.00
105.41
33.59
Answering Service
65.00
104.40
( 39.40)
Commissions
50.00
50.00
Auto Supplies
42.00
67.66
( 25.66)
Driver's Salary
$369.00
$369.00
Paper Supp
48.00
48.00
Postage
42.00
$4.50
37.50
Insurance
168.00
120.00
48.00
Gas and Oil
300.10
162.27
137.83
Auto Cleaning
35.00
10.00
25.00 1682 *19 In computing the deficiency for 1960 respondent also allowed deductions for the following items which were not claimed on the petitioners' return: Miscellaneous expenses, $58.74; office supplies, $127.85; parking, $1.50; and tolls, $20.15. Of the $2,333.10 in business deductions claimed with respect to Liberty, respondent disallowed $959.93. The evidence adduced at trial by petitioners, including a set of inaccurate and inadequate records, fails to prove that the respondent's determination with respect to these amounts was improper. During 1960 Eugene and his wife, Enid Thelma Joseph, lived with his father until May, at which time they moved to the home of his wife's aunt, where they resided for the remainder of the year. In his notice of deficiency for the taxable year 1960, respondent determined that petitioners failed to report income in the amount of $2,375.65. Respondent arrived at this figure by subtracting the amount of cash known to have been available to petitioners during 1960, $4,591.35, from the aggregate of known cash expenditures and estimated cost of living for Eugene and his wife during that year, $6,967. Respondent arrived at the latter amounts in the manner *20 set forth below: *10 Cash Expenditures and Estimated Cost of Living For Eugene Joseph and Enid Thelma Joseph for 1960
Item
Amount
Rent $60/month for 12 months
$ 720.00
Food $30/week for 52 weeks
1,560.00
Telephone $15/month for 12 months
180.00
Itemized deductions per return for 1960
946.16
Clothing
200.00
Cash deposit on Chevrolet automobile purchased in June, 1960
600.00
Education - tuition
250.00
Insurance
300.00
Miscellaneous expenses
310.00
Interest expense
230.00
Purchases ($30 sales tax claimed on return at 3% tax)
1,000.00
Gasoline tax
210.00
Medical and dental
60.84
Entertainment 400.00
Total cash and estimated cost of living expenditures $6,967.00
Cash Availability for 1960
Adjusted gross income per return
$1,521.00
Disallowed portion of business expenses
Businessmen's Tax Instruction
$292.00
Businessmen's Tax Service
510.92
Liberty Station Wagon Service 959.93 1,762.85
Sales proceeds from Mutual Funds
Investor's Planning Corp.
$293.03
First Investor's Corp. 310.54 603.57
Net withdrawals from Carver Savings & Loanassn.
103.93
Loan from Commercial Bank of North America 600.00
Total cash availability
Respondent's determinations with respect to petitioners' expenditures during 1960 are entirely reasonable. Furthermore, the evidence relating to cash availability fails to prove that these expenses, to the extent that they exceeded the amount of available cash listed above, were paid from cash sources other than reportable income received by Eugene or his wife in 1960. Eugene's wife, Enid Thelma, worked in 1959, but did not work during 1960. There is no evidence as to the amount she made in 1959; furthermore, there is no convincing evidence that any portion of such amount was saved and expended for Eugene's or her expenses during 1960. Nor is there 1683 any other convincing evidence of record which would prove that petitioners' 1960 expenses were paid out of amounts loaned or savings other than those listed above or that they were paid as a gift by some other person.
The only business activity described by Eugene on Schedule C of his 1961 income tax return was his business as a "tax accountant," the major activity of which was the preparation of income tax returns. He reported gross income from this business in 1961 in the amount of $6,988. Eugene deducted $4,238.09 with respect to this business, of which only $965 was allowed by respondent in his notice of deficiency. At trial respondent conceded the deductibility of an additional $424. After these concessions, the amounts claimed were allowed or disallowed as follows: *21 Item
Claimed
Allowed
Disallowed
Salaries and Wages
$ 920.00
$ 920.00
Rent
460.00
$ 460.00
Interest
80.00
80.00
Taxes on business property
50.00
50.00
Losses of business property
120.00
120.00
Depreciation
570.00
264.00
306.00
Repairs
154.00
154.00
Gas and oil
270.00
87.00
183.00
Auto insurance
190.00
67.00
123.00
Auto supplies
195.00
195.00
Other Business Expenses:
Subscriptions
90.00
6.00
84.00
Office supplies
140.54
140.54
Postage
135.55
135.55
Advertising
140.00
140.00
Printing
165.00
165.00
Answering service
175.00
175.00
Accounting books
65.00
65.00
Taxi, Bus, Train
88.00
88.00
Telephone
190.00
190.00
Miscellaneous 40.00
40.00
Total $4,238.09
$1,389.00
$2,849.09 The only evidence introduced at trial with respect to these deductions related to the deductions for salaries and wages, depreciation, and gas and oil. Eugene did not keep any books of general account in 1961. During the three week period immediately preceding April 15, 1961, the date on which his customers' tax returns were due to be filed, Eugene hired Vivian Campbell and Earl Romero to help in *22 the preparation of returns, and paid them $300 and $620, respectively, for their services. During 1961 Eugene used the aforementioned 1960 Chevrolet station wagon onethird of the time in connection with his business as a "tax accountant" and one-sixth of the time in pursuing certain purported business activities of Honor Realty Company, a partnership in which Eugene allegedly had a one-half interest. This automobile had cost Eugene $2,700 in 1960, had a useful life of three years, and had a salvage value of $325. Respondent properly allowed the deduction of only $264 for the depreciation of this automobile during 1961. On hundred and twenty dollars of the $570 claimed as depreciation for 1961 related to certain office equipment with a five-year useful life which was purportedly acquired in 1959 for $600. Eugene conceded at trial that respondent properly disallowed a similar deduction for depreciation of $120 with respect to this equipment for the taxable year 1960. Petitioner admittedly had no records or receipts with respect to this equipment which would indicate either the cost or useful life thereof. Eugene spent a total of $366 for gas and oil during 1961. One-third of that *23 amount, or $122, constituted a deductible Schedule C expense relating to Eugene's business as a "tax accountant." Eugene claimed a partnership loss on Schedule B attached to his 1961 individual income tax return in the amount of $786.12. This loss was purportedly incurred in connection with the Honor Realty Company, a partnership in which he had a half interest. Respondent disallowed this deduction in full. At the trial Eugene failed to produce any books, records, or any other convincing evidence which might have substantiated this claimed loss. Pursuant to section 6501(c)(4), I.R.C. 1954, Eugene Joseph, Enid Thelma Joseph, 1684 and the Commissioner of Internal Revenue by his duly authorized representative consented in writing on February 4, 1964 to the extension of the period of limitation for the petitioners' taxable year 1960, to June 30, 1965. Respondent's statutory notices of deficiency for the taxable years 1960 and 1961 were mailed to petitioners on June 30, 1965. In his notices of deficiency for 1960 and 1961 respondent asserted a five percent negligence penalty; and in the deficiency notice for 1961 he asserted a penalty for the delinquent filing of the 1961 income *24 tax return. At some time after the Commissioner's agents completed their audits with respect to the taxable years 1960 and 1961, and had advised the petitioners of their administrative remedies, certain files and records belonging to Eugene were seized by the Internal Revenue Service. On December 16, 1964, any records or receipts relating to the issues herein which may have been taken were returned to Eugene. Opinion On his income tax return for 1960 Eugene claimed business deductions with respect to Liberty Station Wagon Service in the total amount of $2,333.10. Respondent contends that $959.93 of this amount should be disallowed for lack of substantiation. We agree with the respondent that the petitioners have failed to carry their burden of proving the deductibility of the expenses disallowed by respondent. At trial Eugene introduced a record book purporting to indicate Liberty's expenses during 1960, and other documentary evidence, including money orders, receipts, and bills. We find for various reasons, including the following, that the record book is substantially lacking in probative value. Eugene admits that he did not keep these records up to date at the time the expenses *25 were supposedly incurred, and that he actually made some of the entries at the trial and in the office of respondent's counsel many years after 1960. We also find that the aggregate amount of each of the various types of expense indicated in the record book differed in every case from the amount which Eugene claimed as a deduction on his 1960 return. In about half of these categories the total expenditures recorded were less than the amounts claimed on the return; the expenditures recorded for the remaining categories were actually more than the amounts claimed on the return. In addition to the record book submitted by petitioners, we have closely scrutinized every shred of documentary evidence introduced with respect to the Liberty expenses. We have concluded that the petitioners have failed to carry their burden of proving that they are entitled to deduct any amounts claimed with respect to Liberty in 1960 in excess of the amounts allowed by the respondent, and we hold that the respondent's determination in this regard must be sustained. The next issue which is presented for our decision is whether petitioners failed to report $2,375.65 of income in 1960. Respondent determined *26 the amount of cash expenditures made by the petitioners in 1960, and, after deducting therefrom all cash available to petitioners from known sources, determined that the remainder of the cash spent by petitioners in 1960 represented unreported income in that year. The respondent's determination is presumptively correct, and the petitioners have the burden of overcoming this presumption. Petitioners do not appear to seriosly contest respondent's determination that Eugene and his wife made cash expenditures during 1960 in the amount of $6,967. They did not question the validity or reasonableness of respondent's calculations with respect to any item of expenditure. As we have stated in our findings of fact, we think that respondent's determination in this regard was entirely reasonable. Respondent found that petitioners had $4,591.35 of available cash from known sources during 1960, and determined that the $2,375.65 difference between this amount and petitioners' $6,967 in total cash expenditures constituted unreported income. On brief petitioners contend that the $2,375.65 differential was paid from various sources other than taxable income, to wit, savings accumulated by him and *27 his wife, loans from various named and unnamed individuals, and proceeds from some insurance policies. At the trial no evidence was presented with respect to insurance proceeds, and the only loan which was mentioned was one that respondent had included in computing petitioners' known sources of available cash. Eugene merely stated that "* * * the money was received from other sources, not earned income, from family, members principally, and from 1685 savings that I had accumulated." that he did not have any evidence to present for the purpose of substantiating this statement. He did not even state the names of the "family members" or how much money they allegedly gave to him. Nor did he tell the Court how much of the money which he and his wife had allegedly saved was spent during 1960. His wife did not even testify. We note that the respondent included certain net withdrawals from a savings account in calculating the known sources of available cash, and we find nothing in the record which convinces us that any additional savings were expended during 1960. We therefore must conclde that petitioners have failed to carry their burden of proving that they did not fail to report *28 $2,375.65 of income during 1960, and we hold that respondent's determination on this issue must be sustained. We turn now to the question of whether respondent properly disallowed certain deductions claimed by Eugene on Schedule C of his 1961 individual income tax return in connection with his business as a "tax accountant." The only evidence introduced at trial with respect to these deductions related to the deductions for salaries and wages, depreciation, and gas and oil. To the extent that Eugene may still be contesting the disallowance of the remainder of the deductions in issue, he has wholly failed to carry his burden of proof, and the respondent's determinations are therefore sustained. We have found that Eugene hired Vivian Campbell and Earl Romero during 1961 to help in the preparation of tax returns in his business as a "tax accountant," and that he paid them $300 and $620, respectively, for their services. We therefore hold that petitioner Eugene is entitled to deduct $920 in 1961 for "salaries and wages" in connection with this business. Eugene claimed deductions for depreciation and gas and oil expenses with respect to his automobile on a basis of one-half business *29 usage. He admits, however, that the car was used only one-third of the time in connection with his business as a "tax accountant," and that the residue of the claimed business usage (one-sixth of the total usage) related only to certain business activities of the Honor Realty Company, a partnership in which Eugene had a one-half interest. We agree with the respondent that Eugene is entitled to deduct depreciation and expenses relating to this automobile on Schedule C only on the basis of one-third business usage. The general rule is well settled, that business expenses of a partnership are not deductible by particular partners on their individual returns, except where there is an agreement among the partners that such expenses shall be borne by particular partners out of their own funds. Robert J. Wallendal, 31 T.C. 1249 (1959). Here there is no evidence that such an agreement existed. We therefore uphold the respondent's determination that Eugene is entitled to a deduction for depreciation on his automobile of only $264. On the basis of the evidence adduced at trial, respondent conceded that Eugene incurred a total of $266.32 in gas and oil expenses during 1961, and *30 that he was entitled to a deduction of one-third of that amount. We have found that Eugene spent a total of $366 for gas and oil during that year. We therefore conclude and hold that he is entitled to deduct one-third, or $122 for these business expenses during 1961. Petitioner Eugene also deducted $120 as depreciation for certain office equipment in 1961, which amount was totally disallowed by the respondent. Eugene conceded at the trial that respondent properly disallowed a similar deduction for depreciation of this equipment for the preceding taxable year. Furthermore, Eugene admittedly had no records or receipts with respect to this equipment which would indicate either the cost or useful life thereof. Under these circumstances we think it clear that the petitioner has failed to meet his burden of proof, and we hold that the respondent's determination must be sustained. The petitioner Eugene claimed a partnership loss of $786.12 on Schedule B attached to his 1961 individual income tax return. Respondent disallowed this claimed loss for the reason that the petitioner was unable to substantiate by adequate proof that he actually sustained the loss. The only evidence which Eugene *31 introduced with respect to this purported loss was a Form 1099 information return for 1961 stating in a purely conclusory manner that Eugene had incurred the above-stated loss. No books or records were presented, nor was the Honor Realty partnership income tax return introduced. Eugene's "partner" was not called as a witness. The petitioner has not shown that the determination of respondent is incorrect and has not met his burden of proof. We therefore conclude 1686 and hold that the respondent's determination on this issue must be sustained. Petitioners also contest the respondent's imposition of the five percent negligence penalty in each of the taxable years 1960 and 1961. The Commissioner's determination of negligence is presumptively correct, and petitioners have the burden of rebutting this presumption by showing that due care was exercised. Petitioners have completely failed to carry their burden of proof because no evidence was introduced with respect to this issue. Moreover, we have found that Eugene substantially understated his income and kept inadequate and inaccurate records in 1960, and failed to keep any records at all in 1961, so it appears that respondent's determination *32 was well founded. We therefore hold that the imposition of the negligence penalty by respondent in each of the years in issue was proper. Respondent also imposed a penalty upon petitioner Eugene for late filing of his 1961 income tax return. Section 6651(a), I.R.C. 1954, provides for the imposition of this penalty unless it can be shown that the failure to file on the prescribed date was due to reasonable cause and not due to willful neglect. It is clear that Eugene was delinquent since he did not file his 1961 return until December 6, 1962, and no evidence of an extension of time was presented. Since Eugene also failed to produce any evidence relating to his reasons for filing late, he has not carried his burden of proof. We therefore hold that the respondent's determination with respect to this issue must be sustained. Petitioners also contend that the Commissioner was prohibited by the statute of limitations from assessing the tax liabilities in issue herein. We disagree. Section 6501, I.R.C. 1954, provides generally that the assessment must be made within three years after the return was filed, or prior to the expiration of a period for assessment to which the Secretary or *33 his delegate and the taxpayer have consented in writing. The returns in the instant case, for 1960 and 1961, were filed on August 23, 1961, and December 6, 1962, respectively. A valid consent agreement was filed extending the period of limitation for the taxable year 1960 to June 30, 1965. Respondent's statutory notices of deficiency for the taxable years 1960 and 1961 were mailed to petitioners on June 30, 1965. We therefore hold that respondent was not barred by the statute of limitations in this case. Eugene claimed his wife, Enid Thelma Joseph, as an exemption on his 1961 return. Although the return was marked "Married filing joint return," it was in Eugene's name alone and his wife did not sign the return. In computing Eugene's deficiency for 1961, respondent treated Eugene as a married person filing a separate return, and disallowed the exemption for Enid Thelma. Although the petition contains the general statement that "the entire amount [the deficiency] is in dispute" it does not, as is required by Rule 7(c)(4)(B)(4), (5), Tax Court Rules of Practice, include an assignment of error or any facts applicable to the respondent's determination regarding this exemption. This *34 question was not raised by petitioner Eugen until he filed his brief after trial; therefore, it is not in issue before this Court since the question of its validity was not appropriately raised in the pleadings. Earl V. Perry, 22 T.C. 968 (1954). However, even assuming arguendo that this question was properly raised, we find that the petitioner would still have failed to carry his burden of proof. Eugene did not prove that Enid Thelma intended to file a joint return with him. Under these circumstances he must be considered a married person filing a separate return, and in the latter instance section 151(b), I.R.C. 1954, provides for an exemption of a taxpayer's spouse only where it is shown that the spouse had no gross income and was not the dependent of another taxpayer during the year in question. Petitioner failed to prove either of these essential factors. The deficiency for 1960 will be determined accordingly against petitioners but in view of our conclusion that the 1961 return was not joint the deficiency for that year will be solely against petitioner, Eugene Joseph. Decision will be entered under Rule 50. 1687 Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩
*. Parentheses indicate amounts allowed as deductions by respondent in excess of the amounts claimed on the return.↩