MICHAEL H. DIFFLEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Diffley v. Commissioner
Docket No. 18328-82.
United States Tax Court
T.C. Memo 1984-372; 1984 Tax Ct. Memo LEXIS 305; 48 T.C.M. (CCH) 547; T.C.M. (RIA) 84372; July 19, 1984. *305 During the taxable year at issue, D was self-employed as a real estate broker. Held, D is not entitled to deduct $14,020 of earnings as non-taxable receipts. Held further, D is liable for self-employment tax. Held further, interest and business deductions determined. Held further, D is liable for the additions to tax for negligence and failure to timely file a return. Michael H. Diffley, pro se. James W. Clark, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined the following deficiency in and additions to petitioner's 1980 Federal income tax: Additions to Tax
Deficiency
Sec. 6653(a) [1]
Sec. 6651(a)(1)
$14,309.90
$715.00
$2,146.00
After concessions, the issues for decision are: (1) whether petitioner is entitled to deduct $14,020 as non-taxable receipts; (2) whether petitioner is liable for self-employment tax under section 1401; (3) whether petitioner is entitled to deduct the cost of home delivery of a newspaper; (4) whether petitioner *306 must capitalize $87.75 of telephone installation expenses; (5) the amount of interest which petitioner may deduct for 1980; (6) whether petitioner is liable for the addition to tax for negligence or intentional disregard of rules and regulations under section 6653(a); and (7) whether petitioner is liable for the addition to tax for failure to timely file a return under section 6651(a)(1). FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioner resided at Sarasota, Florida, at the time his petition was filed in this case. Petitioner is a college graduate with a degree in mechanical engineering. During the taxable year at issue, petitioner was self-employed as a real estate broker. Petitioner submitted a Form 1040 containing numerous alterations to the Internal Revenue Service for the 1980 taxable year. The headings entitled "Income" and "Adjustments to Income" in the margin of the form were obliterated and replaced with the words "Receipts" and "Adjustments to Receipts." On line 23 of the form, the caption "Employee business expense (attach Form 2106)" was replaced with *307 "Non-taxable receipts." Among the many remaining changes was the deletion of the statement "Under penalties of perjury" from the paragraph which immediately precedes the petitioner's signature. The altered form, dated June 15, 1981, by petitioner, was received by the Internal Revenue Service on June 18, 1981. Petitioner calculated a net profit of $15,216 from his real estate business for the taxable year at issue. [2] In conjunction with the net profit reported, petitioner deducted $14,020 as non-taxable receipts on the modified line 23. Petitioner paid $72.84 in 1980 for home delivery of a newspaper. Petitioner reviewed the real estate classified advertisements contained in the newspaper for properties his clients might want to purchase and as a source of listing inventory for his business. Petitioner paid $87.75 to General Telephone Company of Florida in 1980 for installation of a telephone. The telephone was used by petitioner in his real estate *308 business. On December 27, 1979, petitioner received a loan from the Southeast First National Bank of Sarasota to finance the purchase of an automobile. A breakdown of the loan as shown on the loan agreement is as follows: Amount Received
$2,000.00
Optional Credit Life Insurance
26.91
Optional Credit Disability Insurance
62.21
Stamp Tax
3.15
Amount Financed
$2,092.27
Interest
$ 275.47
Investigation Fee
25.00
Finance Charge
$ 300.47
Total Payments
$2,392.74 Annual Percentage Rate
17.43%
In addition, the loan agreement required petitioner to repay the loan in 18 equal monthly installments of $132.93 beginning on February 15, 1980. Petitioner paid all 11 of the loan installments due in 1980. OPINION Non-Taxable Receipts Deduction
The first issue for decision is whether petitioner is entitled to deduct $14,020 as non-taxable receipts. Petitioner reported $15,216 of net profit from his real estate business for 1980. Petitioner then entered $14,020 [3] *309 on line 23 (of the Form 1040) which was altered to provide a fabricated deduction for non-taxable receipts. Petitioner argues that the deduction is valid because "[n]et receipt over expense are not income but rather an exchange for labor." We have repeatedly rejected in prior cases the argument made by petitioner. The amounts received by petitioner from his real estate business are includable in his gross income. Section 61; Beard v. Commissioner,82 T.C. 766 (1984); Rowlee v. Commissioner,80 T.C. 1111, 1119 (1983). Petitioner's argument is frivolous and his deduction for non-taxable receipts is therefore denied. Self-Employment Tax
The second issue for decision is whether petitioner is liable for self-employment tax imposed by section 1401. Petitioner argues that the self-employment tax is unconstitutional because it is a "direct tax levied without apportionment" and because "the trust fund for Social Security is bankrupt therefore the government has violated the intent of the law." Petitioner has again advanced a frivolous argument which we accordingly reject. [4] Petitioner is therefore liable for self-employment tax under section 1401.
Newspaper Deduction
The third issue for decision is whether petitioner is *310 entitled to deduct $72.84 which he paid for home delivery of a newspaper. Respondent argues that the purchase of the newspaper subscription is a nondeductible personal expense under section 262. Petitioner contends that he reviewed the classified advertisements section of the newspaper for real estate listings in the furtherance of his real estate business and therefore the cost of purchasing the newspaper is a deductible expense. Although the newspaper may have been useful to petitioner in connection with his business, it was not shown to have been used solely or even principally for business purposes. Wallendal v. Commissioner,31 T.C. 1249, 1252 (1959). Accordingly, petitioner is not entitled to deduct the cost paid for the newspaper. Telephone Installment Expense
The next issue for decision is whether petitioner is required to capitalize $87.75 of telephone installation expenses paid for a phone used in his real estate business. Respondent argues that because the installation charges paid by petitioner are expected to create a benefit for more than one year they are required to be capitalized under section 263. Petitioner contends that his deduction of the charges as a current *311 business expense is proper. We agree with petitioner. Although as a general rule amounts paid which are empected to yield a benefit for more than a year are required to be capitalized under section 263, and exception to that rule exists for relatively minor expenses or where the useful life is short. See Sharon v. Commissioner,66 T.C. 515, 527 (1976), affd. 591 F.2d 1273 (9th Cir. 1978); Galazin v. Commissioner,T.C. Memo. 1979-206; Sec. 1.162-6, Income Tax Regs. The telephone installation expenses paid by petitioner were relatively small compared to both his total telephone charges ($1,252.26) and his overall business expenses ($16,352.75). The record does not disclose how long the petitioner maintained the telephone installation after the year in question; if for but a short period, the regulation squarely applies; if for a longer period, the annual deduction would be too trivial to mention. We therefore hold that petitioner is entitled to deduct the amounts paid. Interest Deduction
The fifth issue for decision is the amount of interest petitioner is entitled to deduct with respect to a loan petitioner received from the Southeast First National Bank of Sarasota. In December, *312 1979, petitioner borrowed $2,000 from the bank to finance the purchase of an automobile. The loan agreement provided that petitioner was to repay the loan in 18 equal monthly installments of $132.93 beginning on February 15, 1980. The total interest charged by the bank was stated as $275. Petitioner paid the required 11 installments of $132.93 in 1980. Respondent argues that petitioner is entitled to deduct $168 of interest in 1980. Respondent determined this amount by equally prorating the stated interest of $275 over the eighteen-month term of the loan. Petitioner contends that he is entitled to an interest deduction of $248. Petitioner supports his contention by providing a loan amortization schedule that was prepared by him. We are unpersuaded by petitioner's argument and therefore hold that respondent's determination of the amount of interest which may be deducted is correct. Petitioner testified that the bank did not provide him with a loan amortization schedule detailing the portion of his monthly payments which were attributable to interest. Rather, petitioner personally prepared an amortization schedule (apparently using a computer program from his real estate business) *313 which he offers as evidence of the amount of interest paid. We are unconvinced that petitioner has carried his burden of proving the amount of interest which was paid. Rule 142(a). The loan amortization schedule prepared by petitioner shows $233 of interest for 1980. Petitioner, however, for unexplained reasons, argues that $248 is the correct amount of deductible interest. Moreover, in calculating the interest paid on the loan schedule petitioner failed to properly include the total funds which he received from the bank. Respondent's pro rata determination of the amount of interest is reasonable and is therefore sustained. Addition to Tax for Negligence The next issue for decision is whether petitioner is liable for the addition to tax for negligence or intentional disregard of rules and regulations under section 6653(a). Respondent argues that the modified Form 1040 submitted to the Internal Revenue Service by petitioner demonstrates an intentional disregard of rules and regulations. We agree. Petitioner knew that the altered form was not in compliance with the rules and regulations as he testified that he had filed proper returns for previous taxable years. Petitioner's *314 actions are sufficient grounds for the assessment of the addition to tax under section 6653(a). Beard v. Commissioner,supra.
Addition to Tax for Failure to Timely File a Return
The final issue for decision is whether petitioner is liable for the addition to tax under section 6651(a)(1) [5] *315 for failure to timely file a required return. Respondent argues that an addition to tax under section 6651(a)(1) in the amount of 15 percent should be assessed against petitioner because the modified Form 1040 was not received by the Internal Revenue Service until June 18, 1981, more than two months after the return was due. [6] We agree. Petitioner has not shown that the failure to timely file a return was due to reasonable cause of that he had properly filed an extension of time for filing a return. Accordingly, the addition to tax of 15 percent under section 6651(a)(1) is sustained. [7] *316 To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as in effect for the year in question. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Neither party disputes the $33,689 of total income reported by petitioner on the attached Schedule C (which was not altered). The net profit figure was obtained after subtracting $18,473 of business deductions, some of which are at issue.↩
3. Petitioner apparently chose to deduct this amount because it reduced his tax liability to zero for the year at issue.
4. See Fiorito v. Commissioner,T.C. Memo. 1981-576, affd. without published opinion 720 F.2d 682↩ (7th Cir. 1983).
5. SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX. (a) ADDITION TO THE TAX. -- In case of failure -- (1) to file any return required under authority of subchapter A of chapter 61 (other than part III thereof), subchapter A of chapter 51 (relating to distilled spirits, wines, and beer), or of subchapter A of chapter 52 (relating to tobacco, cigars, cigarettes, and cigarette papers and tubes), or of subchapter A of chapter 53 (relating to machine guns and certain other firearms), on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate; * * * ↩
6. Although the modified Form 1040 was dated June 15, 1981 by petitioner, it is stamped as having been received by the Internal Revenue Service on June 18, 1981. Since petitioner offered no evidence pertaining to the date that the altered form was mailed, the date stamped as received by the Internal Revenue Service is the relevant date for the purpose of determining the addition to tax under section 6651(a)(1). See Abbey v. Commissioner,T.C. Memo. 1981-673↩. 7. On brief, respondent argues that petitioner is liable for the maximum 25 percent addition to tax imposed by section 6651(a)(1) because the modified Form 1040 submitted by him does not constitute a valid return. Although the argument put forth by respondent is not without merit (see Beard v. Commissioner,82 T.C. 766↩ (1984), it was not properly pleaded by respondent by means of an affirmative allegation in his answer filed in this case or by an amended answer, and is therefore not at issue in the instant case. Rules 36(b); 41(a).